**Guadalupe GUAJARDO, Jr., Petitioner-Appellant,**

**v.**

**R. F. LUNA, Judge, 229th Judicial District Court, Duval County, Texas, Respondent-Appellee.**

**No. 29866**

**Summary Calendar \*.**

United States Court of Appeals, Fifth Circuit.

Oct. 20, 1970.

Guadalupe Guajardo, Jr., pro se.

Frank R. Nye, Jr., Dist. Atty., Rio Grande City, Tex., for appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

The petitioner, Guadalupe Guajardo, Jr., seeks a declaratory judgment that a state may not constitutionally prevent a layman from filing a civil suit on behalf of another person. The district court dismissed the case for failure to state a claim upon which relief might be granted. We affirm.

The petitioner is a prisoner in Texas. He is not an attorney at law admitted to practice before any of the courts of the State of Texas nor is he a member of the State Bar of Texas. He is, therefore, not authorized to appear in any court to represent a third party. December 16, 1969, he attempted to file a suit on behalf of his father in the 229th Judicial District Court of Duval County, Texas. The father, who is not a prisoner, is described as a totally illiterate person. The court refused to accept the suit on the ground that only licensed attorneys were permitted to file suits on behalf of others.

---

\* [1] Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir., 1970, 431 F. 2d 409, Part I.

The petitioner then filed a petition for a declaratory judgment in the United States District Court for the Southern District of Texas. He sought a declaration that the due process and equal protection guarantees of the United States Constitution assured him a right to file a suit in state court on behalf of his father. The district court, March 6, 1970, dismissed the case for numerous reasons including failure to state a claim upon which relief can be granted.

■ The trial court was correct in finding that the petitioner's claim below stated no cause of action. There is no constitutional guarantee that non-attorneys may represent other people in litigation. There is a narrow exception to this conclusion: a jail-house lawyer may help fellow prisoners file initial papers in habeas corpus actions when the state has failed to provide alternative aid to such prisoners in seeking post-conviction relief. *See* Johnson v. Avery, 1969, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718. This exception results from two factors: (1) special concern for the right to seek the writ of habeas corpus, one aspect of the general rule that individuals deprived of liberty by the state have greater rights to state-supplied attorneys and other necessary aids than parties in private civil litigation; (2) the fact that prisoners are closed off from the rest of society and thus unable to seek out what legal help does exist. But this case, although involving a prisoner, does not fall within the exception. The suit to be brought is on behalf of a non-prisoner in connection with a purely private matter.

An ordered society has a valid interest in limiting legal representation to licensed attorneys. "The average controversy is likely to have two sides, each believed in, in good faith by honest men. In order to decide such controversies satisfactorily the case of each party must be presented thoroughly and skillfully, so that things are put in their proper setting and the tribunal may review the whole case intelligently and come to a conclusion with assurance that nothing has been overlooked, nothing misapprehended, and nothing wrongly valued. The litigant cannot do this adequately for himself. It can only be done by well trained specialists." Pound, The Lawyer from Antiquity to Modern Times (1953) p. 25. "Furthermore proper presentation of a case by a skilled advocate saves the time of the courts and so public time and expense. It helps the court by sifting out the relevant facts in advance, putting them in logical order, working out their possible legal consequences, and narrowing the questions which the court must decide to the really crucial points." *Id.* p. 26. Moreover, prohibiting laymen from representing other persons in court allows courts to impose upon lawyers the responsibility incident to the professional spirit and appropriate to those who are "officers of the court".

■ In short, the requirement that only licensed lawyers may represent others in court is a reasonable rule that does not offend any constitutional guarantee.

The judgment below is affirmed.